**FILED**
APR 2 4 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL SCIENCE ACCURACY AND RELIABILITY, <br><br> Plaintiff, <br><br> v. <br><br> KEN SALAZAR, in his official capacity as Secretary of the United States Department of the Interior; DAN ASHE; the UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendants. | CASE NO. 1:12-cv-1311-EGS <br><br> **STIPULATED SETTLEMENT AGREEMENT** |

Plaintiff Center for Environmental Science, Accuracy and Reliability ("Plaintiff"), and Ken Salazar, Dan Ashe, and the United States Fish and Wildlife Service ("Defendants"), by and through their undersigned counsel, state as follows:

WHEREAS, on April 30, 2010, the U.S. Fish and Wildlife Service ("Service") received a petition from Plaintiff requesting that the Service list the American eel (*Anguilla rostrata*) ("American eel") as a threatened species pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*;

WHEREAS, on September 29, 2011, the Service published a 90-day finding pursuant to 16 U.S.C. § 1533(b)(3)(A) in which the Service found that the petition presented substantial information indicating that the listing of the American eel as threatened throughout all or a significant portion of its range may be warranted, and initiated a status review of the species;

WHEREAS, under 16 U.S.C. § 1533(b)(3)(B), the Service is required "[w]ithin 12

months after receiving a petition that is found [] to present substantial information indicating that" listing may be warranted, to issue a determination known as a "12-month finding" in which the Service determines whether listing is not warranted, warranted, or warranted but "precluded by pending proposals to determine whether any species is an endangered species or a threatened species";

WHEREAS, on August 7, 2012, Plaintiff filed this action to compel the Service to publish a 12-month finding on the American eel pursuant to 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before September 30, 2015, the Service shall review the status of the American eel and submit to the Federal Register a 12-month finding as to whether listing the American eel as a threatened or endangered species is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. Either party may seek to modify the deadline specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 3 below.

3.     The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.  In the event that Defendant fails to meet a deadline and has not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.     No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

5.     Defendants agree that Plaintiff is the "prevailing party" in this action, and agrees to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g).  Defendant therefore agrees to settle all of Plaintiff's claims for costs and attorneys' fees in this matter for a total of $8,000.  A check will be made payable in that amount

to Brownstein Hyatt Farber Schreck, and sent via certified mail, return receipt requested, to: 1350 I Street NW, Suite 510, Washington, D.C. 20005. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the order approving this Agreement.

6. Plaintiff agrees to accept payment of $8,000 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through and including the date of this Agreement.

7. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

8. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1 or for any other continuation of this action. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

9. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with

respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge any final rule or final agency action issued in accordance with this Agreement, Plaintiff will be required to file a separate action. Plaintiff reserves the right to challenge substantive decisions made by Defendant pursuant to Paragraph 1, above, and Defendants reserve the right to raise any applicable claims or defenses.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

11. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

14. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 23rd day of April, 2013.

/s/ *Ryan A. Smith*
David Bernhardt, (DCB 991472/DC Court #24475)
Ryan A Smith, (DCB/DC Court #985586)
Brownstein Hyatt Farber Schreck, LLP
1350 I Street, N.W., Suite 510
Washington, DC 20005-3305
Phone: 202-296-7353
Fax: 202-296-7009
Email: dbernhardt@bhfs.com
rsmith@bhfs.com

Attorneys for Plaintiff

IGNACIA S. MORENO
Assistant Attorney General
SETH M. BARSKY, Section Chief
KRISTEN L. GUSTAFSON, Assistant Chief

/s/ *Daniel Pollak*
DANIEL POLLAK
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7369, Ben Franklin Station
Washington, D.C. 20044-7369
Tel: (202) 305-0201
Fax: (202) 305-0275

PURSUANT TO STIPULATION IT IS SO ORDERED

Date: 4/23/13

Honorable Emmet G. Sullivan
United States District Judge